UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE


JOHN I. CHISOM                    )
                                           )
        Petitioner,         )
                                           )
v.                               )     3:05-cr-088
                                         )     3:09-cv-163
                                         )     *Jordan*
                                         )
UNITED STATES OF AMERICA     )
                                         )
        Respondent.      )


## MEMORANDUM


This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner John I. Chisom ("petitioner").  Petitioner's motion to supplement his § 2255 motion with respect to his *Batson* claim [Doc. 77] will be **GRANTED**.  For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.


## I.  Standard of Review


This court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."  28 U.S.C. § 2255.  To prevail under § 2255,

petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.    Factual Background

Petitioner was convicted of one count of being a fugitive from justice in possession of a firearm and one count of being a fugitive from justice in possess of ammunition, both in violation of 18 U.S.C. § 922(g)(2). He was sentenced as an armed career criminal to concurrent terms of imprisonment of 200 months. The convictions were affirmed on direct appeal. *United States v. Chisom*, 249 F. App'x 406 (6th Cir. 2007), *cert. denied*, 552 U.S. 1328 (2008). The Sixth Circuit summarized the facts surrounding petitioner's arrest and conviction as follows:

On July 27, 2005, a Tennessee Highway Patrol Trooper followed a 1993 Cadillac Fleetwood with windows that he believed were tinted darker

2

than permitted under Tennessee law. After the Cadillac ran through a red light, the trooper activated his cruiser's lights, and the Cadillac pulled into a trailer park. Upon stopping, its lone occupant, Chisom, fled on foot, and the trooper gave chase and called for backup. When the trooper caught up to Chisom, Chisom resisted, and the trooper attempted to gain control by using pepper spray and striking Chisom with an expandable baton. During the struggle, an officer from the canine unit arrived, but Chisom broke free and continued flight. The police dog was released and bit Chisom on the right thigh. Chisom was taken to a local hospital for treatment of the bite wound and then booked and charged under the name "Jackie J. Williams," the name appearing on his Alabama driver's license. Officers searched the Cadillac at the scene after Chisom had been taken into custody. They seized a loaded .38 caliber revolver found underneath the driver's seat.

Chisom posted bond and was released before a fingerprint check showed that "Jackie J. Williams" was not Chisom's real name and that he had an outstanding warrant in California. The Tennessee authorities then notified the United States Marshal Service. On July 29, 2005, the Marshals executed a search warrant on Chisom's apartment, which he leased under his "Jackie J. Williams" alias. No one was present when they arrived. Their search turned up a duffel bag containing men's underwear and .38 caliber ammunition matching the brand of the ammunition in the revolver seized from the Cadillac. The Marshals also found bloody bandages and towels in the apartment's bathroom, photographs of Chisom sitting on the trunk of the Cadillac, and service records indicating that "Jackie J. Williams" recently had the Cadillac serviced at a Wal-Mart store. The Marshals arrested Chisom the next day at a hotel where he was hiding.

*Id*. at 407-08.

In support of his § 2255 motion to vacate sentence, petitioner claims the following: (1) the government failed to prove he possessed the firearm and ammunition "in and affecting commerce;" (2) he received ineffective assistance of counsel at trial and on appeal; and (3) he was denied a fair trial based upon highly prejudicial publicity.

III.   <u>Discussion</u>

### *A. The Commerce Requirement*

Petitioner alleges that the government failed to prove he possessed the firearm and ammunition "in and affecting commerce." He acknowledges the parties stipulated that the firearm and ammunition were manufactured outside the State of Tennessee. That stipulation was sufficient to establish a connection to interstate commerce. *See United States v. Murphy*, 107 F.3d 1199, 1211 (6th Cir. 1997). "[U]nder the *Scarborough* minimal nexus test, 'proof that a firearm was manufactured outside the state in which the possession occurred is sufficient to support a finding that the possession was in or affected interstate commerce.'" *Id.* (quoting *United States v. Vincent*, 20 F.3d 229, 236 (6th Cir. 1994)). Petitioner is not entitled to relief on this claim.

### *B. Assistance of Counsel*

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970),

petitioner must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, petitioner bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Petitioner alleges several instances of ineffective assistance of counsel, each of which the court will consider in turn.

## 1. Failure to move to suppress the firearm.

Petitioner first alleges that counsel failed to move to suppress the firearm which was recovered in a warrantless search of his vehicle following his arrest. Petitioner does not, however, state any legitimate basis upon which his attorney could have moved to suppress the evidence. At the time of his arrest, a police officer could search the passenger compartment of an automobile incident to the lawful custodial arrest of the occupant of the vehicle without a warrant or probable cause, even when the occupant was outside the vehicle

and handcuffed. *See New York v. Belton*, 453 U.S. 454, 460 (1981), *overruled by Arizona v. Gant*, 556 U.S. 332 (2009). There was thus no reason for counsel to have moved to suppress the firearm. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (the failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

**2. Failure to move for a dismissal of the indictment or for a directed verdict.**

Petitioner next alleges that counsel failed to move for a dismissal of the indictment following the government's case in chief or for a directed verdict at the conclusion of the case. One of the grounds petitioner raised on direct appeal was that the evidence was not sufficient to prove possession of the firearm and ammunition. The Sixth Circuit disagreed, finding the evidence more than sufficient. *United States v. Chisom*, 249 F. App'x at 409-10. Because the evidence was sufficient to convict petitioner, any alleged errors with respect to a motion to dismiss the indictment or for directed verdict cannot constitute ineffective assistance of counsel. *See Maupin v. Smith*, 785 F.2d 135, 140 (1986) (counsel who failed to move for a directed verdict was not ineffective given the court's conclusion that the evidence was sufficient to support the conviction); *see also United States v. Carter*, 355 F.3d 920, 924 (1990) ("Failing to make a motion for a judgment of acquittal that had no chance of success fails both prongs [of *Strickland*].").

**3. Failure to argue the commerce requirement on appeal.**

Petitioner next alleges that counsel failed to argue on appeal that the government had not proved the commerce nexus. As noted, the stipulation that the firearm and ammunition

were manufactured outside the State of Tennessee was sufficient to meet the commerce requirement. An attorney is not required to raise meritless issues on appeal. *Mathews v. United States*, 11 F.3d 583, 585 (6th Cir. 1993).

## 4. Failure to raise a *Batson* issue.

Finally, petitioner alleges that counsel failed to raise a *Batson* issue when the prosecutor used a peremptory strike to remove the only African-American from the jury panel. The Equal Protection Clause of the Fourteenth Amendment prohibits a prosecutor from challenging potential jurors solely on account of race. *Batson v. Kentucky*, 476 U.S. 79 (1986). There are three steps in analyzing a *Batson* claim.

> First, the defendant must make a *prima facie* showing that the prosecutor removed a potential juror for a discriminatory reason. If the defendants [sic] make this showing, the second step requires the prosecutor to articulate a nondiscriminatory reason for the removal. Assuming that the prosecutor does so, the third step requires the trial court to determine whether the opponent of the peremptory strike has proven purposeful discrimination.

*United States v. Lucas* 357 F.3d 599, 609 (6th Cir. 2004).

Petitioner argues that, had his attorney properly objected to the prosecutor's exclusion, the government would have been forced to present a neutral basis for the exclusion. Petitioner is correct, but only if his attorney had made a *prima facie* showing of a discriminatory reason on the part of the government.

> Under *Batson*, the opponent of a peremptory strike makes out a prima facie case of purposeful discrimination by proving (1) that he or she is a member of a cognizable racial group, (2) that the proponent of the strike has used peremptory challenges to remove from the venire members of the strike opponent's race, and (3) that the relevant circumstances raise an inference that

the proponent of the strike excluded prospective jurors from the petit jury because of their race.

*United States v. Watford*, 468 F.3d 891, 911 -12 (6th Cir. 2006) (citations omitted).

The fact that the government excluded the sole African-American member of the jury venire, without more, does not make out a prima facie case. *See United States v. Esparsen*, 930 F.2d 1461, 1467 (10th. Cir. 1991) ("Although *Batson* prohibits striking even one juror based on racial grounds, it does not suggest that the exclusion of jurors of a cognizable race automatically creates a prima facie case of discrimination.").  Petitioner does not refer to any other relevant circumstances which would raise an inference that the government used race to exclude the potential juror, such as "(1) the fact that peremptory challenges permit a prosecutor predisposed to discriminate to do so; (2) any other pattern of discriminatory conduct; and (3) any prosecutorial statements." *United States v. Clemons*, 843 F.2d 741, 745 (3rd Cir. 1988).  In addition, petitioner does not allow for the possibility that counsel's failure to object to the exclusion of the potential juror was trial strategy.

> Counsel is also accorded particular deference when conducting voir dire.  An attorney's actions during voir dire are considered to be matters of trial strategy.  A strategic decision cannot be the basis for a claim of ineffective assistance unless counsel's decision is shown to be so ill-chosen that it permeates the entire trial with obvious unfairness.

*Hughes v. United States*, 258 F.3d 453, 457 (6th Cir. 2001)  (internal citations).

In his supplement to the § 2255 motion, petitioner argues he has made a *prima facie* showing of discrimination because he, as an African-American, is a member of a cognizable racial group and because the prosecutor removed the only African-American from the jury

panel. Petitioner is incorrect in his assertion and his allegation of ineffective assistance of counsel in this regard lacks merit.

Based upon the foregoing, petitioner has failed to demonstrate that he received ineffective assistance of counsel under the standard set forth in *Strickland*.

## C.  Pretrial Publicity

Petitioner alleges he was denied a fair trial as a result of highly prejudicial pretrial publicity in the form of articles published in the local newspaper.  According to petitioner, the articles depicted him as a gang member from California who had engaged in a crime spree and who had committed a series of violent crimes.  Petitioner claims the jury was not polled to determine whether any jurors had seen the articles.

Petitioner refers to three Knoxville News-Sentinel articles, only one of which was published prior to the jury's verdict and then only on the second day of trial.  At the close of the first day of trial, the court instructed the jury to avoid outside influences, including newspaper articles.  The court specifically noted that a reporter from the Knoxville News-Sentinel was in the courtroom and instructed the jurors to not read anything the reporter might write about the case.  [Court File No. 65, Transcript of Proceedings, p. 58].

It is well-settled law that jurors are presumed to follow the court's instructions.  *See, e.g., United States v. Olano*, 507 U.S. 725, 740 (1993); *United States v. Guzman*, 450 F.3d 627, 629 (6th Cir. 2006).  Petitioner is not entitled to relief on this claim.

IV.    Conclusion

Petitioner is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**.  This action will be **DISMISSED**.  In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  Therefore, this court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal.  *See* Rule 24 of the Federal Rules of Appellate Procedure.  Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

_____s/ Leon Jordan_____
United States District Judge